UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVERETT W. RICKABAUGH,

           Plaintiff,

v.                                      Case No. 18-2624-CM

MICHAEL YOST, D.O.,

           Defendant.

## **ORDER**

The plaintiff, Everett W. Rickabaugh, has filed a motion (ECF No. 25) seeking to compel a supplemental discovery response by the defendant, Michael Yost, D.O., in this medical-malpractice case. Plaintiff claims defendant acted negligently by leaving foreign matter in plaintiff's shoulder after surgery. Plaintiff asked through interrogatory about whether defendant had any substance-abuse treatment or diagnosis history. Defendant objected on privilege grounds. For the reasons discussed below, plaintiff's motion is respectfully denied.

Background

Defendant performed surgery on plaintiff's shoulder in March 2016.[1] Plaintiff alleges defendant breached his duty of care by negligently leaving foreign matter in plaintiff's shoulder during this surgery.[2] Plaintiff claims he suffered from continued

---

[1] ECF No. 1.

[2] *Id.*

infection and pain in his shoulder which required an additional shoulder surgery.³ It was during this later surgery a "fragment of green rubbery material" was discovered and removed from plaintiff's shoulder.⁴ Defendant denies any negligence.⁵

Interrogatory No. 13 asks: "Has the Defendant ever been treated or diagnosed with any type or kind of substance abuse? If so please explain."⁶ Defendant objected claiming the information was privileged.⁷ After the parties conferred, defendant supplemented his answer, stating: "Defendant was not being treated for substance abuse during the timeframe he provided treatment to Plaintiff. Moreover, substance abuse did not impact his ability to practice medicine during the timeframe he provided treatment to Plaintiff."⁸

Plaintiff, unsatisfied with defendant's supplemental answer, filed a motion to compel a more complete response.⁹ Plaintiff argues this information is relevant and, due to the broad definition of relevance, the court should compel discovery.¹⁰ Defendant opposes the motion, arguing under Kansas law the information plaintiff requests is privileged information defendant is not required to disclose.¹¹

---

³ *Id.* at 7, 11.

⁴ *Id*. at 11.

⁵ ECF No. 6 at 7.

⁶ ECF No. 26.

⁷ *Id.*

⁸ *Id.*

⁹ *Id.*

¹⁰ *Id.*

¹¹ ECF No. 30.

Analysis

The Federal Rules of Civil Procedure provide the general limits on the scope of discovery. At the discovery stage, relevance is broadly construed.[12] "[A]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" will be deemed relevant.[13] Although there is a presumption in favor of disclosure of information, discovery is limited to information that is a "non-privileged matter . . . relevant to any party's claim or defense."[14]

The relevant privileges in this matter are the patient-physician privilege and the privilege against disclosure of medical and treatment records. In a civil case, state law governs privilege claims arising under federal diversity jurisdiction.[15] Under Kan. Stat. Ann. § 60-427, the communications between a patient and his physician are privileged. Further, under Kan. Stat. Ann. § 65-5602, communications about a patient's diagnosis or treatment for mental, alcoholic or drug dependency or emotional condition is privileged

---

[12] *See Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-mc-212-JWL-GEB, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016).

[13] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) and ruling the *Oppenheimer* standard still relevant after the 2015 amendment to Rule 26(b)(1)). *See also Waters v. Union Pacific R.R. Co.*, No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) ("Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action.") (internal quotations and citation omitted).

[14] Fed. R. Civ. P. 26(b)(1).

[15] Fed. R. Evid. 501; *hibu Inc. v. Peck*, No. 16-CV-1055-JTM-TJJ, 2016 WL 6804996, at *5 (D. Kan. Nov. 17, 2016).

information.[16] This statute is meant to protect the privacy of those seeking treatment, so they will not be deterred from seeking help.[17]

Both § 60-427 and § 65-5602 contain similar exceptions to privilege which warrant discussion. Section 60-427(d) provides an exception to the patient-physician privilege when "the condition of the patient is an element or factor of the claim or defense of the patient." Similarly, § 65-5603(a)(3) provides the privilege for communications about substance-abuse diagnosis or treatment history shall not extend to "any proceeding in which the patient relies upon [substance abuse treatment] as an element of the patient's claim or defense." Defendant has not raised any defense related to substance-abuse treatment or history. Further, the privilege is only waived when the *patient* relies upon the records, not the opposing party.[18] Even if the plaintiff makes defendant's substance-abuse treatment an issue, this is not enough for the privilege to be waived.[19]

---

[16] There is a similar protection under federal law which also recognizes the confidential and protected nature of substance abuse information. *See* 42 U.S.C. § 290dd-2(b).

[17] *State v. George*, 223 Kan. 507, 510 (1978) (noting the privilege should be "strictly construed"); *Mosier v. Am. Home Patient, Inc.*, 170 F. Supp. 2d 1211, 1214 (N.D. Fla. 2001) (noting this privilege of confidentiality for treatment records is "not to be lightly set aside").

[18] *See George,* 223 Kan. at 512–13 (1978) (holding that patient did not put his medical condition at issue so the information was privileged); *Miller v. Thompson*, No. 103,167, 2010 WL 3853326, at *3 (Kan. Ct. App. 2010) (holding disclosure of mental health treatment records was warranted because the plaintiff put her mental and emotional state at issue); *Utter v. Thompson*, No. 11–2360–KHV, 2012 WL 5933043, at **10–11 (D. Kan. Nov. 27, 2012) (holding mental health treatment records were relevant and non-privileged because the plaintiff put her mental health at issue).

[19] The plain language of the statute is clear, the patient himself must put his medical treatment at issue, not the opposing side. "When a statute is plain and unambiguous, . . .

Additionally, courts have blocked confidential information about substance-abuse diagnosis and treatment in the past when the movant lacked evidence about the potential relevance of the records.[20]  For example, in *State v. Shoptaw*, the Kansas Court of Appeals did not allow a "look and see" at the victim's mental health records in the hopes "a mental condition would have something to do with the . . . case."[21]  The defendant was unable to point to any evidence suggesting the relevance of the mental-health records.[22]  Even though *Shoptaw* was a criminal case, the same reasoning is at issue because there was a strong interest in protecting the victim's diagnosis and treatment history.  Significantly, there is nothing in the record in the case at bar to suggest defendant was physically or mentally impaired at the time of the operation, nor does plaintiff even make that argument in his motion.  Without evidence to support plaintiff's need for defendant's substance abuse

---

[the court] should refrain from reading something into the statute that is not readily found in its words." *State v. Barlow*, 303 Kan. 804, 813, 868 (2016).

[20] *See State v. Shoptaw*, 30 Kan. App. 2d 1059 (Kan. Ct. App. 2002) (noting the defendant should not be permitted to look through mental health records in the hopes of finding something helpful to his case); *State v. Chighisola*, 430 P.3d 996 (Kan. Ct. App. 2018) (upholding the district court's denial of disclosure because statements made in group therapy sessions at a psychiatric hospital were privileged information under K.S.A. § 65-5602); *State v. Bourassa*, 28 Kan. App. 2d (Kan. Ct. App. 1999) (upholding district court's denial of mental health records as privileged information under K.S.A. § 65-5602).

[21] *Shoptaw*, 30 Kan. App. 2d at 1063, 1065–66.  The Kansas Court of Appeals remanded with instructions that the trial court perform an *in camera* review to determine if any information in the records would have changed the outcome of the case.  *Id.* at 1067–68.  Such review is not warranted at this time due to the state of the record in the case at bar.

[22] *Id.*

treatment or diagnosis records, Interrogatory No. 13 amounts to the same "look and see" the Kansas Court of Appeals rejected in *Shoptaw*.

Any information about defendant's possible diagnosis or treatment for substance abuse is privileged information under § 60-427 and § 65-5602. Defendant has not put any substance abuse at issue in his defense and therefore has not waived his privilege under § 60-427(d) or § 60-5602(a)(3). Further, plaintiff has not pointed to any evidence in the record to suggest the relevance of substance abuse treatment records at this stage.

IT IS THEREFORE ORDERED that plaintiff's motion to compel is denied.

Dated November 7, 2019, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge